**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARMOND DAVIS ROSS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-CV-475-TCK-TLW** |
| | ) | |
| **MIKE ADDISON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court for consideration is the petition for writ of habeas corpus (Dkt. # 1) filed

by Petitioner Armond Davis Ross, a state inmate appearing pro se. Respondent filed a response

(Dkt. # 6) and provided the state court records (Dkt. ## 6, 7, and 8) necessary for adjudication of

Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 20). For the reasons

discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

During the spring of 2003, Petitioner moved back to Oklahoma from California to be near

his young son. His son's mother, Karnetha James, had two daughters, O.F. and A.F.[1] O.F.'s date

of birth is October 21, 1987.[2] A.F.'s date of birth is November 21, 1990. Petitioner was not the

girls' biological father, but thought of the girls as his daughters. After Petitioner bought a house in

Verdigris, Oklahoma, O.F., A.F., and Petitioner's son frequently spent time at Petitioner's house.

---

[1] Pursuant to Rule 5.2(a)(3), Federal Rules of Civil Procedure, the Court shall refer to the minor victims using their initials.

[2] O.F. testified that she was born in 1987. See Dkt. # 8-2, Tr. Trans. at 393. When reading the amended information to the jury, the prosecutor stated that O.F. was born October 21, 1988. See id. at 240.

During the time period from the summer of 2003 through the fall of 2004, the girls claimed that Petitioner had inappropriate sexual contact with them, including multiple incidents of non-consensual sexual intercourse and inappropriate touching. O.F. also claimed that on one occasion, after she told Petitioner she was interested in a certain boy, Petitioner pulled a pistol, threatened to shoot O.F. and the boy if she "messed around" with him, and then discharged the pistol into the wall of the house. O.F. also identified fifty-three (53) photographs of herself, taken by Petitioner. In some of the photos, O.F. was naked; in some, she wore underwear purchased for her by Petitioner; and some of the photos were of O.F.'s vagina. O.F. claimed that Petitioner had instructed her how to pose for the photos.

Based on the girls' accusations, Petitioner was charged by amended information in Rogers County District Court, Case No. CF-2004-648, with four (4) counts of First Degree Rape (Counts I, II, and III involving O.F., and Count VII involving A.F.) , one count of Lewd Molestation (Count VI involving A.F.), one count of Causing Child to Participate in Child Pornography(Count IV), and one count of Assault With a Dangerous Weapon (Count V). Petitioner was tried by a jury and testified in his own defense. He denied ever having any sexual contact with either girl, admitted that the pistol was fired inside his house, but claimed that O.F. had fired the pistol after displaying curiosity about it, and denied that he took the photos of O.F. On December 8, 2005, the jury found Petitioner guilty as to Counts I, II, III, IV, and VI, and not guilty as to Counts V and VII. On December 19, 2005, Petitioner was sentenced in accordance with the jury's recommendation to life without parole as to each of the First Degree Rape convictions, and to twenty (20) years imprisonment as to each of the Lewd Molestation and Child Pornography convictions. The sentences

were ordered to be served consecutively. At trial, Petitioner was represented by attorney Kevin D. Adams.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorneys Steven M. Presson and Robert W. Jackson. Petitioner raised the following propositions of error:

Proposition 1: As a matter of law, the force or threat of violence element of first degree rape was absent from all three rape counts and those convictions must be vacated.

Proposition 2: The evidence that Mr. Ross committed lewd molestation against A.F. is also insufficient as a matter of law and must be vacated.

Proposition 3: Mr. Ross's conviction for causing a child to participate in child pornography is likewise not supported by the evidence or law.

Proposition 4: Sentences of life without parole for first degree rape, considering the lack of strong evidence to support the charges, shocks the conscience and should be modified to a lower term of years and all sentences run concurrent.

(Dkt. # 6, Ex. 1). On December 12, 2006, in Case No. F-2006-26, the OCCA entered its unpublished opinion affirming Petitioner's Judgments and Sentences. See Dkt. # 6, Ex. 3.

On January 30, 2008, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 6 ¶ 3. The trial court denied post-conviction relief on March 19, 2008. Id.; Dkt. # 1 at 24. Petitioner appealed. See Dkt. # 6, Ex. 4. In his supporting brief filed in his post-conviction appeal, Petitioner identified the following three (3) grounds for relief:

1. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when both his trial attorney and appellate attorney failed to challenge the constitutionality of whether or not the jury should be instructed on a statutory limit for parole eligibility.

2. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when both his trial attorney and appellate attorney failed to challenge the constitutionality of whether or not the trial judge should make the decision to run Petitioner's sentences consecutive, rather than the jury.

3.      Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when both his trial attorney and appellate attorney failed to provide him with the professional performance required of an attorney.

See Dkt. # 6, Ex. 4.  By order filed June 24, 2008, in Case No. PC- 2008-366, the OCCA affirmed

the denial of post-conviction relief. Id., Ex. 5.

Petitioner commenced the instant habeas corpus action by filing his petition on August 21,

2008.  See Dkt. # 1.  He identifies the following grounds of error:

Ground 1:      Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution was violated when the third element of First Degree Rape was absent in all three Counts, thereby requiring reversal and vacation.

Ground 2:      Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution was violated when the evidence that Petitioner committed Lewd Molestation was also insufficient as a matter of law and must be vacated.

Ground 3:      Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution was violated when the evidence did not support the charge of Causing a Child to Participate in Child Pornography and must be vacated.

Ground 4:      Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution was violated as well as his rights under the Eighth Amendment when he received sentences of Life Without Parole for First Degree Rape, considering the lack of strong evidence to support the charges, shocks the conscience and should be modified to a lower term of years and all sentences run concurrent.

Ground 5:      Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when both his trial attorney and appellate attorney failed to challenge the constitutionality of whether or not the jury should be instructed on a statutory limit for parole eligibility.

Ground 6:      Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when both his trial attorney and appellate attorney failed to challenge the constitutionality of whether or not the trial judge should make the decision to run Petitioner's sentences consecutive, rather than the jury.

Ground 7:    Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when both his trial attorney and appellate attorney failed to provide him with the professional performance required of an attorney.

(Dkt. # 1). In response, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 6.

## *ANALYSIS*

### A.  Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Respondent concedes and the Court finds that Petitioner has exhausted his state remedies by presenting his claims to the OCCA on direct and post-conviction appeal.  Therefore, the Court finds that Petitioner meets the exhaustion requirements under the law.

### B.  Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

### C.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated part of ground 1, 2, 3, and 4 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel on post-conviction appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Sufficiency of the evidence (grounds 1, 2, and 3)**

In his first three (3) grounds of error, Petitioner alleges that the evidence presented by the State was insufficient to support his convictions for First Degree Rape (ground 1), Lewd Molestation (ground 2), and Causing a Child to Participate in Child Pornography (ground 3). The OCCA rejected these three claims on direct appeal.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. The Court must determine whether the OCCA reasonably applied Jackson in its rejection of Petitioner's insufficient evidence claim.

### a. Sufficient evidence supports First Degree Rape convictions

As his first ground of error, Petitioner claims that the State failed to present sufficient evidence supporting the "force or threat of violence" element of First Degree Rape. On direct appeal, the OCCA rejected this claim, finding as follows:

> In Proposition I, Ross specifically contends that the evidence was insufficient to prove the force or threat of violence element for each of three counts [of] First Degree Rape. Considering the evidence in a light most favorable to the State, the evidence supports the jury's verdict. O.F. testified that she never consented to any of the multiple rapes. She also testified that if she did not comply with Ross, he would forcibly remove her clothes so that they could have sex. Although the victim may not have always completely resisted, the victim's lack of resistance must be considered contextually.
>
> Ross was like a stepfather to the victim. Ross began sexually assaulting the victim at a young age, having raped her approximately twenty-five (25) times or more. Ross was much larger and older than the victim. Ross had also become jealous and fired a gun into his bedroom wall when the victim had told him she was interested in a boy at school. Under these circumstances it is understandable why the victim may not have completely resisted every act of intercourse. A rational trier of fact could have found that Ross forced the victim to have intercourse. The evidence was sufficient to support Ross's convictions for Counts I, II and III: First Degree Rape. Proposition I is denied.

(Dkt. # 6, Ex. 3 at 4 (footnote omitted)).

Upon review of the record, the Court finds Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, <u>Jackson</u>. Under Oklahoma law, the State was required to prove the following elements of First Degree Rape: first, sexual intercourse; second, with a person who was not the spouse of the defendant, and third, where force/violence was threatened against the victim and the Defendant had the apparent power to carry out the threat of force/violence. OUJI-CR2d 4-120; Okla. Stat. tit. 21, §§ 1111(A), 1114(A); <u>see</u> <u>also</u> Dkt. # 8-4, Tr. Trans. at 730-31, Instruction No. 10. The jury heard O.F. testify that in November 2003, July 2004, and on October 7, 2004, Petitioner had sexual intercourse with her. <u>See</u>

Dkt. # 8-2, Tr. Trans. at 348, 357-58, 359-60. She testified that she did not want to have sex with him and that she did not consent to have sex with him. Id. at 356, 361. O.F. also testified that she and Petitioner would walk to his bedroom where he would make her take her clothes off so they could have sex. Id. at 350. O.F. was approximately fifteen (15) years old at the time of the incidents. Petitioner was approximately sixty (60) years old, and much larger than O.F. She had known Petitioner since early childhood. In addition, on at least the one occasion described by O.F., Petitioner threatened her with a pistol. Under these facts, the Court finds that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the essential elements of First Degree Rape, including the element of "force or threat of violence," beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### b. Sufficient evidence supports Lewd Molestation conviction

As his second ground of error, Petitioner claims that, based on inconsistent and improbable testimony of the victim, the evidence supporting his conviction of Lewd Molestation was insufficient. In resolving this claim on direct appeal, the OCCA found that:

> Ross's conviction in this Count for Lewd Molestation is based upon the victim's testimony. Although there were inconsistencies in the victim's testimony and Ross was acquitted of the alleged rape, the victim testified that Ross sexually abused her by rubbing her back, inner thigh and vagina while asking if she would like to try "69." Despite Ross's challenges to her credibility at trial, the jury chose to believe her testimony regarding this incident. As previously stated, witness credibility is for the jury to determine and this Court accepts the jury's credibility choice that supports the verdict. As a result, we find the evidence was sufficient to support Ross's conviction in Count VI for Lewd Molestation based upon the victim's testimony. Proposition II is denied.

(Dkt. # 6, Ex. 3 at 5).

Upon review of the record, the Court finds Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, <u>Jackson</u>. Under Oklahoma law, the State was required to prove the following elements of Lewd Molestation: first, the defendant was at least three (3) years older than the victim; second, the defendant knowingly and intentionally; third, looked upon, touched, or felt; fourth, the body or private parts; fifth, of any child under sixteen (16) years of age; sixth, in any lewd or lascivious manner. OUJI-CR2d 4-129; Okla. Stat. tit. 21, § 1123(A); <u>see also</u> Dkt. # 8-4, Tr. Trans. at 734-35, Instruction No. 16. The jury heard A.F. testify that in the late summer of 2003, when she was twelve (12) years old, Petitioner touched her inappropriately by rubbing her back, her inner thigh, and her vaginal area, after observing her talk with a friend on the computer about "69." <u>See</u> Dkt. # 8-2, Tr. Trans. at 270, 275-78. Petitioner testified he was sixty-one (61) years old at the time of trial. <u>See</u> Dkt. # 8-3, Tr. Trans. at 580. Under these facts, the Court finds that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the essential elements of the crime of Lewd Molestation beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### c. Sufficient evidence supports Child Pornography conviction

As his third ground of error, Petitioner challenges the sufficiency of the evidence supporting his conviction of Causing a Child to Participate in Child Pornography. He also claims that the statue criminalizing his conduct is unconstitutional. The OCCA rejected Petitioner's challenge to the sufficiency of the evidence on direct appeal, finding as follows:

> In a light most favorable to the State, the evidence establishes that Ross took numerous pornographic photographs of a minor victim who was not yet 18. Review of the photographs leaves no doubt but that they are pornographic under the definition given to the jury and indeed, any definition. This argument is denied.

(Dkt. # 6, Ex. 3 at 6).

Upon review of the record, the Court finds Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, <u>Jackson</u>. Under Oklahoma law, the State was required to prove the following elements of Causing a Child to Participate in Child Pornography: first, knowingly; second, procuring the participation of; third, a child under the age of eighteen; fourth, in any child pornography. OUJI-CR2d 4-135C; Okla. Stat. tit. 21, § 1021.2; <u>see</u> <u>also</u> Dkt. # 8-4, Tr. Trans. at 731-32, Instruction No. 13. In addition, Petitioner's jury was instructed, in relevant part, that Child Pornography is defined as "any photograph or picture in which a child under the age of eighteen years is engaged in any lewd exhibition of the uncovered genitals." <u>See</u> Dkt. # 8-4, Tr. Trans. at 732, Instruction No. 13(A). The jury heard O.F. testify that during the time period at issue, when she was fifteen or sixteen years old, Petitioner took photographs of her, either while wearing underwear or with nothing on. <u>See</u> Dkt. # 8-2, Tr. Trans. at 379-88. She identified 53 photos contained in a 3 ring binder, identified as State's Exhibit 1, as being photographs of her and testified that some of the photos specifically show "my vagina." <u>Id.</u> at 386-87. Under these facts, the Court finds that the evidence, when viewed in

the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the essential elements of the crime of Causing a Child to Participate in Child Pornography beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

The Court further finds that Petitioner is not entitled to habeas corpus relief on his challenge to the constitutionality of Oklahoma's statute criminalizing procurement and possession of child pornography. The OCCA rejected this claim, citing <u>Osborne v. Ohio</u>, 495 U.S. 103 (1990), and finding as follows:

> Ross also claims in this Proposition that Oklahoma's statute, 21 O.S.2001, § 1021.2, criminalizing the procurement and possession of child pornography, violates the First Amendment of the United States constitution. The Supreme Court has held that states' compelling governmental interest in protecting children allows them to constitutionally proscribe the possession, procurement and viewing of child pornography. In so doing, the Court considered the argument that the relevant statute was overbroad/not narrowly drawn because it criminalized an intolerable range of constitutionally protected conduct.
>
> Here, Ross makes a similar argument, contending that since the Oklahoma statute does not require payment for procuring the pornography or distribution once received, it is not narrowly drawn. We reject his claim. As the Supreme Court found in *Osborne*, that a statute on "its margins" may infringe on protected expression does not render it unconstitutional when the statute as [a] whole covers a range of "easily identifiable and constitutionally proscribable conduct." Oklahoma's statute does just that and is not unconstitutional. Proposition III is denied.

(Dkt. # 6, Ex. 3 at 6-7 (footnotes omitted)).

In his habeas petition, Petitioner specifically argues that his conduct in photographing the genitalia of 15-16 year old O.F. "cannot be criminalized absent proof of an intent to distribute the recordings to others (and even then, if the sexual conduct is lawful, constitutional concerns arguably arise as to whether the State can criminalize the recording of lawful conduct and show that recording

to others)." See Dkt. # 1 at 6. However, the Supreme Court has determined that "[i]t is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.' . . . The legislative judgment, as well as the judgment found in relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child. That judgment, we think, easily passes muster under the First Amendment." Osborne, 495 U.S. at 109 (quoting New York v. Ferber, 458 U.S. 747, 756-758 (1982)). In Osborne, the Supreme Court upheld an Ohio statute criminalizing the possession of child pornography finding the petitioner's First Amendment arguments unpersuasive. Id. at 125-26. In rejecting Petitioner's challenge to the constitutionality of Okla. Stat. tit. 21, § 1021.2, the OCCA applied Osborne. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Osborne. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

## 2. Excessive sentences (ground 4)

As his fourth proposition of error, Petitioner claims that his sentences of life without parole for the three First Degree Rape convictions are excessive in violation of his right to due process under the Fourteenth Amendment as well as his rights under the Eighth Amendment. See Dkt. # 1. Petitioner raised a claim that his sentences were excessive on direct appeal. The OCCA ruled as follows:

> A sentence is excessive if it shocks the conscience. First, Ross was convicted of raping and sexually assaulting two victims. Ross had abused one of the two victims for years. Ross also took explicit pornographic photos of this girl. Second, Ross's sentences fall within the statutory range. Third, Ross did not accept responsibility for the crimes despite the compelling evidence of his guilt. Based upon the facts and circumstances of the crime, Ross's sentences were not disproportionate and, therefore, not excessive.

Additionally, the trial court has discretion in choosing between concurrent and consecutive sentences. This Court will not overturn that decision absent abuse, which Ross fails to show. Proposition IV is denied.

(Dkt. # 6, Ex. 3 at 7 (footnotes omitted)).

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id. In this case, Petitioner's sentences of life without the possibility of parole fall within the statutory range of punishment authorized for First Degree Rape in Oklahoma. See Okla. Stat. tit. 21, § 1115. Under the facts of this case, these sentences are not "grossly disproportionate" for Petitioner's conviction on three counts of First Degree Rape. See United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (collecting authorities). Petitioner is not entitled to habeas corpus relief on this claim.

### 3. Ineffective assistance of appellate counsel (parts of grounds 5, 6, and 7)

Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise on direct appeal certain substantive claims as well as allegations of ineffective assistance of trial counsel for failing to raise the substantive claims. Specifically, he claims that the trial judge erred in failing to instruct the jury on Oklahoma's "85% Rule" and that trial counsel provided ineffective assistance in failing to request the instruction. See Dkt. # 1. He also claims that trial counsel provided ineffective assistance in failing to challenge the constitutionality of the trial judge's ruling that Petitioner's sentences would be served consecutively, and in failing "to provide him with the professional performance required of an attorney," and that appellate counsel provided ineffective

assistance in failing to raise these claims on direct appeal.  See id.  On post-conviction appeal, the

OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel, as follows:

> To support his claim of ineffective appellate counsel, Petitioner must establish counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish factual innocence.  *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L. Ed.2d 674, 693, 698.  Appellate counsel's performance did not fall below prevailing professional norms by failing to challenge the constitutionality of 22 O.S.2001, § 976 or by failing to raise the 85% rule issue, claims which were not raised or addressed at trial and had not been previously recognized by the courts.  *Anderson v. State*, 2006 OK CR 6, ¶ 12, 130 P.3d 273, 278.  Even if the 85% rule issue had been raised in Petitioner's trial, a "trial court's failure to instruct on the 85% Rule in cases before [Anderson] will not be grounds for reversal."  *Anderson*, 2006 OK CR 6, ¶ 25, 130 P.3d at 283. Petitioner has not established the outcome of his trial or appeal would have or should have been different, and he has not established factual innocence.  *Strickland*, *supra*. Therefore, the order of the District Court of Rogers County denying Petitioner's application for post-conviction relief in Case No. CF-2004-648 should be, and is hereby, **AFFIRMED**.

(Dkt. # 6, Ex. 5 at 2-3).

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of

appellate counsel unless he demonstrates that the OCCA's decision to deny relief was an

unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a

defendant must show that his counsel's performance was deficient and that the deficient

performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328

(10th Cir. 1993). When a habeas petitioner alleges that his appellate counsel rendered ineffective

assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the

omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is

meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.

Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v.

Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d).

First, Petitioner claims that appellate counsel provided ineffective assistance in omitting a claim that the trial court erred in failing to instruct the jury on the 85% Rule and that trial counsel was ineffective for failing to request that the instruction. Under Oklahoma's 85% Rule, as applicable to the facts of this case, "[p]ersons convicted of: [f]irst degree rape . . . [c]hild pornography . . . [l]ewd molestation of a child . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1 (2002). At the time of Petitioner's trial, held December 5-8, 2005, an instruction on the 85% Rule was not required under Oklahoma law. On February 22, 2006, or more than two (2) months after Petitioner's trial, the OCCA held that trial courts should instruct jurors on the 85% Rule prior to sentencing. Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006). The Anderson court, however, specified that its holding was prospective and did not apply to "cases before this decision." Id.

Petitioner's trial counsel did not perform deficiently in failing to request the trial judge instruct the jury on the 85% Rule. There is no federal requirement for instructing jurors about parole eligibility in a non-capital case, and when Petitioner was tried, Oklahoma law did not require such an instruction. See O'Neal v. Province, 415 Fed. Appx. 921, 925 (10th Cir. 2011) (unpublished)[3] (citing Anderson, 130 P.3d at 283)); Cheadle v. Dinwiddie, 278 Fed. Appx. 820, 823 (10th Cir. 2008) (unpublished) ("Although the OCCA recently changed its position with regard to whether the jury can be instructed on how much time a defendant must serve before parole eligibility, that court did not base its change on anything in the United States Constitution, nor did it apply the new rule retroactively."). The trial court's failure to instruct on the 85 percent rule did not render Petitioner's trial fundamentally unfair in a constitutional sense. See Taylor v. Parker, 276 Fed. Appx. 772, 775-76 (10th Cir. 2008) (unpublished) (in a non-capital case, rejecting petitioner's contention that he was entitled to habeas relief because the trial court failed to instruct the jury on Oklahoma's 85 percent rule). Therefore, Petitioner was not denied due process by the trial judge's failure to instruct and trial counsel did not perform deficiently in failing to request an instruction that was not required under Oklahoma law at the time of Petitioner's trial. Appellate counsel's omission of this substantive due process claim and the claim of ineffective assistance of trial counsel does not rise to the level of constitutionally ineffective assistance. The OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court precedent. Petitioner is not entitled to habeas corpus relief under § 2254(d).

Next, Petitioner claims that appellate counsel provided ineffective assistance in failing to challenge the constitutionality of Oklahoma law providing that the decision to run sentences

---

[3]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

consecutively or concurrently lies within the trial court's discretion. Okla. Stat. tit. 22, § 976; see also Coates v. State, 137 P.3d 682, 685 (Okla. Crim. App. 2006) (citing Birdine v. State, 85 P.3d 284, 286 (Okla. Crim. App. 2004)). Petitioner's argument is based on a series of Supreme Court cases, beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), and continuing with Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Both Apprendi and Blakely stand for the proposition that it is within the jury's province to determine any fact, other than the existence of a prior conviction, that increases the maximum punishment authorized for a particular offense. In Oregon v. Ice, 555 U.S. 160, 163 (2009), the Supreme Court addressed whether it was also solely within the jury's province to decide if sentences should be served concurrently or consecutively. The Court held it was not: "The decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.'" Ice, 555 U.S. at 168 (quoting Apprendi, 530 U.S. at 477); see also Griffith v. Parker, 377 Fed. Appx. 722, 724 (10th Cir. 2010) (unpublished). Based on the rationale expressed in Ice, Petitioner's claim challenging the constitutionality of Oklahoma law allowing the trial judge to decide whether to run sentences consecutively or concurrently fails. Therefore, neither trial counsel nor appellate counsel provided ineffective assistance in failing to raise this challenge. Petitioner is not entitled to habeas corpus relief on this claim of ineffective assistance of appellate counsel.

Lastly, Petitioner claims that appellate counsel provided ineffective assistance in failing to argue that trial counsel failed "to provide him with the professional performance required of an attorney." In support of this claim, Petitioner cites to trial counsel's failure to request that the jury be instructed on the applicability of the 85% Rule, a claim rejected above. Petitioner also complains that his trial counsel failed to: confer and/or discuss the case with the Appellant, to call his son as

a witness to contradict the testimony of his two half-sisters, to investigate crucial pieces of evidence, including the alleged videos, computer, pictures, and the gun allegedly fired by Petitioner.

As to Petitioner's claim that trial counsel failed to confer with him about the case, Petitioner has failed to identify any information or course of action that would have changed the outcome of his trial. He has not satisfied the prejudice prong of the <u>Strickland</u> standard. Therefore, this claim of ineffective assistance of trial counsel lacks merit and appellate counsel did not provide ineffective assistance in failing to raise the claim on direct appeal.

As to Petitioner's claim that trial counsel provided ineffective assistance in failing to call Petitioner's son, Armond, Jr., to support his defense that he did not engage in sexually inappropriate behavior with the girls, the Court finds Petitioner cannot satisfy the prejudice prong of the <u>Strickland</u> standard. A.F. testified that both O.F. and their brother were at their mother's house in Claremore when she was molested by Petitioner at the house in Verdigris. <u>See</u> Dkt. # 8-2, Tr. Trans. at 274. O.F. testified that when she was raped by Petitioner in November 2003, only Petitioner was present and she did not know where her brother was. <u>Id.</u> at 349. When Petitioner raped her in July 2004, she did not know where her brother was. <u>Id.</u> at 358. She was not asked whether her brother was present at the Verdigris house during the October 2004 incidents. <u>Id.</u> at 359-68. Even if Armond, Jr., had been called as a witness for the defense and testified that he had never seen Petitioner engage in inappropriate sexual conduct with his half-sisters, that hypothetical testimony would not prove that the incidents between his father and his half-sisters did not happen. As a result, Petitioner has failed to demonstrate that the result of his trial would have been different but for trial counsel's failure to call Armond, Jr., as a witness for the defense.

Similarly, Petitioner has not satisfied the prejudice prong of <u>Strickland</u> as to his claim that trial counsel failed to investigate crucial pieces of evidence, including the alleged videos, computer, pictures, and the gun allegedly fired by Petitioner. Petitioner provides no factual statement in support of this claim. The Court notes that during his direct examination of Petitioner, trial counsel thoroughly developed Petitioner's explanations regarding the videos, computer, pictures, and the gun. Petitioner fails to identify any information omitted by trial counsel. As a result, Petitioner has failed to demonstrate that the result of his trial would have been different but for trial counsel's failure to investigate evidence used against him. These claims of ineffective assistance of trial counsel lack merit. As a result, appellate counsel did not provide ineffective assistance in failing to raise the claims on direct appeal.

For the reasons discussed above, the Court finds that the OCCA's denial of relief on Petitioner's claim of ineffective assistance of appellate counsel was not an unreasonable application <u>Strickland</u>. Petitioner is not entitled to habeas corpus relief under § 2254(d).

**D. Procedural Bar**

Respondent argues that Petitioner's claims of ineffective assistance of trial counsel identified in grounds 5, 6, and 7 are procedurally barred from this Court's review as a result of Petitioner's failure to raise those claims on direct appeal. <u>See</u> # 6. In affirming the state district court's denial of post-conviction relief, the OCCA found as follows:

> Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. All issues that were previously raised and ruled upon are barred as *res judicata*, and all issues that could have been raised in previous proceedings but were not are waived, and may not be the basis of a post-conviction application. 22 O.S.2001, § 1086; *Davis v. State*, 2005 OK CR 21, ¶ 2, 123 P.3d 243, 244. Petitioner's current propositions, including his complaints against trial counsel, either were or could have been raised in his direct appeal. *Id.*

(Dkt. # 6, Ex. 5).

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Petitioner's claims of ineffective assistance of trial counsel, first raised on post-conviction appeal, are procedurally barred from this Court's review. Based on Okla. Stat. tit. 22, § 1086, the OCCA routinely bars claims that could have been but were not raised on direct appeal. The state court's procedural bar as applied to these claims was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.

The Court also finds that the bar imposed by the OCCA on Petitioner's claims of ineffective assistance of trial counsel was based on state law grounds adequate to preclude federal review. When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural

20

default.  Breecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v.

Morrison, 477 U.S. 365 (1986)).  The unique concerns are "dictated by the interplay of two factors:

the need for additional fact-finding, along with the need to permit the petitioner to consult with

separate counsel on appeal in order to obtain an objective assessment as to trial counsel's

performance."  Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).  The

Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on

ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257

(10th Cir. 1998).  In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in
> those limited cases meeting the following two conditions: trial and appellate counsel
> differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All
> other ineffectiveness claims are procedurally barred only if Oklahoma's special
> appellate remand rule for ineffectiveness claims is adequately and evenhandedly
> applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court

concludes that Petitioner's claims of ineffective assistance of trial counsel are procedurally barred.

At trial, Petitioner was represented by attorney Kevin D. Adams.  On appeal, Petitioner was

represented by attorneys Steven M. Presson and Robert W. Jackson.  For purposes of the first

requirement identified in English, the Court finds that Petitioner had the opportunity to confer with

separate counsel on appeal.

The second English factor requires that the claim could have been resolved either "upon the

trial record alone" or after adequately developing a factual record through some other procedural

mechanism.  Id. at 1263-64. Petitioner alleged on post-conviction appeal that his trial counsel

provided ineffective assistance when he failed to request that the jury be instructed on the 85% Rule,

failed to challenge the constitutionality of Oklahoma law providing that the trial judge has discretion to order sentences to run consecutively or concurrently, and failed "to provide him with the professional performance required of an attorney." See Dkt. # 6, Ex. 4, attached Petition in Error Brief in Support. Even if Petitioner's defaulted claims could not all be resolved on the record alone, he has failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). In reply to Respondent's response, Petitioner states that his ineffective assistance of trial counsel claims should not have been barred because they were raised in his first post-conviction proceeding. See Dkt. # 20 at 16. That argument overlooks the OCCA's well-established rule that any claim, including ineffective assistance of trial counsel claims, that could have been but were not raised on direct appeal are waived and subject to a procedural bar. Petitioner's argument is insufficient to demonstrate inadequacy of the OCCA's remand procedure provided by Rule 3.11. As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

Because of the procedural default of the identified claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some

objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response, Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise his defaulted claims on direct appeal. See Dkt. # 20 at 17-20. Significantly, however, the Court has determined above that appellate counsel was not constitutionally ineffective. As a result, Petitioner's ineffective assistance of appellate counsel claim does not serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). At trial, Petitioner testified and claimed that he is actually innocent of the crimes for which he was convicted. However, in this habeas action, he provides no new evidence supporting this claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

## E.  Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. #1) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

DATED THIS 30th day of March, 2012.

_Terence C Kern_

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE